UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00462-RSE

**NIKKI W.**                                                                                                           **PLAINTIFF**

**VS.**

**FRANK BISIGNANO,**
*Commissioner of Social Security*                                                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

The Commissioner of Social Security denied Claimant Nikki W.'s ("Claimant's") application for supplemental security income benefits. Claimant seeks judicial review of the Commissioner's denial pursuant to 42 U.S.C. § 405(g). (DN 1). Claimant filed a Brief and Fact and Law Summary. (DN 12; DN 13). The Commissioner filed a responsive Fact and Law Summary. (DN 15). Claimant filed a reply. (DN 16).

The Parties have consented, under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 10; DN 11).

I.   Background

Nikki W. ("Claimant") has been trying to obtain supplemental security income ("SSI") benefits under Title XVI of the Social Security Act for roughly eight years. She first applied for SSI benefits on January 24, 2018, alleging her disability began on October 1, 2016. (Transcript, hereinafter, "Tr." 191-199). She claimed her disability was caused by panic disorders, anxiety, depression, and sleep disorder. (Tr. 212). Claimant's applications were denied at the initial review

level on March 29, 2018, and again at the reconsideration review level on August 13, 2018. (Tr. 125-28; 132-38).

At Claimant's request, Administrative Law Judge Jerry Lovitt ("ALJ Lovitt") held a hearing on December 4, 2019. (Tr. 47-76). He rendered an unfavorable decision on January 22, 2020. (Tr. 32-43). Claimant administratively appealed ALJ Lovitt's denial, but the Appeals Council declined review. (Tr. 1-4). Claimant then sought judicial review of the Commissioner's denial pursuant to 42 U.S.C. § 405(g). (Tr. 572-74). At the joint request of the United States and the Claimant, District Judge Benjamin Beaton reversed ALJ Lovitt's denial and remanded the case for further proceedings. (Tr. 580-83).

Following another administrative hearing on May 4, 2023, ALJ Lovitt again denied Claimant's disability claim on May 31, 2023. (Tr. 991-1003). On judicial review, the United States and the Claimant once more jointly requested a remand of the case, which Magistrate Judge Colin Lindsay granted. (Tr. 979-80).

In congruence with the remand order, ALJ Susan Brock ("ALJ Brock") convened a third administrative hearing on April 4, 2025. Claimant, her representative, and an impartial vocational expert appeared by telephone. (Tr. 951). Claimant provided the following testimony.

Claimant lives alone in a "tiny house," which she calls "a little off-the-grid kind of setup." (Tr. 955, 960). She uses solar panels to collect water. (Tr. 955). She can drive. (*Id.*). Her depression, anxiety, and sleeping problems, dating back to her teenage years, prevent her from holding a job. (Tr. 956). She has anxiety attacks several times a week "out of nowhere" that take control of her life. (Tr. 956-57). During these attacks, Claimant freezes up or shakes from head to toe for 15-30 minutes or until she can clam down. (*Id.*). Her depression causes crying, a lack of energy, hopelessness, and lack of interest. (Tr. 957). Though she sees a psychiatrist, she hasn't

2

done so in several months and has not taken medicine in several months. (Tr. 958). She explains that her doctor lives "all the way down in Louisville" and she hasn't been able to find a closer doctor that takes her insurance. (*Id.*). During the day, she sits by herself outside and doesn't do much. (Tr. 959). She has trouble staying focused when watching television and has difficulty being around others. (Tr. 961).

She reports having a "fatty tumor" in her right arm close to her shoulder that causes pain and difficulty with lifting. (Tr. 963-64). She rates her arm pain as a 4/10 when she isn't using her arm. (Tr. 965). But if she is trying to pick something up, like a half gallon of milk, the pain increases to a 6 or 7 out of 10. (*Id.*). She also reports back pain that makes her "toss and turn all night." (Tr. 964). Her back pain "can be a 10." (Tr. 965).

After considering Claimant's testimony and the medical records submitted, ALJ Brock issued an unfavorable decision on May 6, 2025. (Tr. 904-918). She applied the five-step sequential analysis for evaluating adult disability claims from 20 C.F.R. § 404.1520, and found as follows. First, Claimant has not engaged in substantial gainful activity since October 1, 2016, her alleged onset date. (Tr. 908). Second, Claimant has the following severe impairments: major depressive disorder; insomnia, unspecified; generalized anxiety disorder; and panic disorder. (Tr. 908-09). Third, Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment from 20 C.F.R. Pt. 404, Subpt. P, App'x 1. (Tr. 909-11). At Step Four, ALJ Brock found Claimant has the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels" but with the following non-exertional limitations:

> She can understand, remember, and carry out simple instructions. The claimant can sustain concentration in two-hour segments to complete simple tasks throughout the day. She can occasionally interact with coworkers, supervisors, and the general public. The claimant can tolerate occasional workplace changes.

(Tr. 911). Additionally, at Step Four, ALJ Brock found Claimant has no past relevant work to consider. (Tr. 916). Fifth and finally, considering Claimant's age, education, work experience, and RFC, ALJ Brock found there are jobs that exist in significant numbers in the national economy that Claimant can perform. (*Id.*). ALJ Brock concluded Claimant was not under a disability, as defined in the Social Security Act, from October 1, 2016 through the date of her decision. (Tr. 917).

Claimant administratively appealed ALJ Brock's denial, but the Appeals Council declined review. At that point, ALJ Brock's denial became the final decision of the Commissioner, and Claimant once more appealed to this Court pursuant to § 405(g). (DN 1).

II.   Standard of Review

Administrative Law Judges make determinations as to social security disability by undertaking the five-step sequential evaluation process mandated by the regulations. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-04 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); 20 C.F.R. §§ 404.1520(b), 416.920(b). Throughout this process, the claimant bears the overall burden of establishing they are disabled; however, the Commissioner bears the burden of establishing the claimant can perform other work existing in significant numbers in the national economy. *Id.* at 804 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

When reviewing the Administrative Law Judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, the Court's review of the Administrative Law Judge's decision is limited to an inquiry as to whether the Administrative Law Judge's findings were supported by substantial

4

evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the Administrative Law Judge employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted).

### III. Analysis

Claimant asserts one claim of error – that ALJ Brock improperly evaluated the medical opinions of the State agency psychological consultants in violation of 20 C.F.R. § 404.1520c. (DN 12, at PageID # 1536).

In formulating a claimant's RFC, the ALJ must evaluate the persuasiveness of the medical opinions in the record. 20 C.F.R. §§ 404.1520c, 404.1529(a). The regulations specify that an ALJ will not give any specific evidentiary weight to any medical opinion. *Id.* ALJs instead evaluate the "persuasiveness" of medical opinions using five factors: (1) supportability; (2) consistency; (3) relationship to the claimant; (4) specialization; and (5) other factors. § 404.1520c(c)(1)-(5). Of these factors, supportability and consistency are the most important. *Id.* at (a), (b)(2). The regulations, accordingly, require ALJs to explain how they considered the supportability and consistency factors in their determination, which is known as the "articulation requirement." *Id.* at (b)(2). Comparatively, ALJs "may, but are not required to, explain" their consideration of factors (3)-(5). *Id.*

In assessing a medical opinion's "supportability," "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). And the "consistency" factor denotes the extent to which the medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim[.]" *Id.* at (c)(2). To further illuminate this distinction, "supportability" relates to the objective medical evidence and supporting explanation provided by a medical source to bolster their *own* opinion; by contrast, "consistency" relates to the relationship of a medical source's opinion to *other* medical opinions and evidence of record. 20 C.F.R. § 416.920c(c)(1)-(2).

The Sixth Circuit has not defined a specific standard to determine whether an ALJ sufficiently complied with the "articulation requirement." However, courts in this Circuit have applied the requirement literally. *See, e.g.*, *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 909 (E.D. Mich. Aug. 13, 2021) ("The administrative adjudicator has the obligation in the first instance to show his or her work, i.e., to explain in detail *how the factors actually were applied* in each case, to each medical source. Resorting to boilerplate language to support a finding of unpersuasiveness does not satisfy that obligation.") (emphasis in original); *White v. Comm'r of Soc. Sec.*, No. 1:20-CV-00588-JDG, 2021 WL 858662, at *21 (N.D. Ohio Mar. 8, 2021) ("Although the new standards are less stringent in their requirements for the treatment of medical opinions, they still require that the ALJ provide a coherent explanation of [her] reasoning."); *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20-CV-1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021) (finding that "the [new] regulations do

require that the ALJ clearly explain his consideration of the opinions and identify the evidence supporting his conclusions").

As required by the regulations, ALJ Brock evaluated the medical opinions of record in forming Claimant's RFC, including the opinions of State agency psychologist consultants Christi Breuning and Gary Perry. ALJ Brock determined the State agency consultants' opinions were "partially persuasive." (Tr. 915). ALJ Brock discussed the consultants' findings that claimant: (1) is able to understand and remember simple instructions that are clear, concise, and that can be demonstrated; (2) can carry out above noted instructions with no requirements for independent judgment or decision making, with minimal variation, for 2 hour segments over an 8 hour workday, 5 days per week; (3) is able to tolerate occasional contact with supervisors/coworkers in a non-public setting; and (4) can adapt to the expected and familiar changes and pressures of a routine work setting. (Tr. 915). She then noted that the consultants supported their assessments with the claimant's education, treatment history, and mental consultative examination. (*Id.*). These findings, ALJ Brock determined, were "partially consistent" with treatment records showing Claimant had consistent complaints of anxiety symptoms, "which supports a reduction to simple instructions." (*Id.*). Despite noting Claimant's subjective complaints of difficulty in crowds, ALJ Brock found Claimant could tolerate "occasional contact with co-workers, supervisors, and the general public given her ability to interact appropriately with her mental healthcare and medical providers[.]" (*Id.*).

Ultimately, ALJ Brock formulated an RFC that allowed claimant to "understand, remember, and carry out simple instructions[;]" "sustain concentration in two hour segments to complete simple tasks throughout the day[;]" to "occasionally interact with coworkers, supervisors, and the general public[;]" and "tolerate occasional workplace changes." (Tr. 911).

7

Claimant argues ALJ Brock failed to account for the State agency psychological consultants' limitation that simple instructions be "clear, concise and can be demonstrated" and require no "independent judgment" or "decision making." (DN 12, at PageID # 1542-43). ALJ Brock's failure to address these additional functional limitations, and their supportability and consistency with the record, falls short of the analysis required by 20 C.F.R. § 404.1520c, according to Claimant. (*Id.*). Because ALJ Brock did not address these limitations, Claimant argues "it is impossible" to tell whether ALJ Brock intended to find such limitations persuasive, which does not permit the Court to trace her path of reasoning. (*Id.*). Claimant further argues that the omitted restrictions are consistent with medical records in the case, confirming her random panic attacks throughout the day, slow thought processes, sadness, fatigue, and concentration difficulties. (*Id.* at PageID # 1544).

The Commissioner responds that ALJ Brock was not required to adopt or provide explanation for why each limitation is not adopted from an opinion she found partially persuasive or even fully persuasive. (DN 15, at PageID # 1558 (citing *Hague v. Comm'r of Soc. Sec.*, No. 20-13084, 2022 WL 965027, at *6 (E.D. Mich. Mar. 30, 2022)). The Commissioner further argues that by citing to records she believes are consistent with the consultants' omitted restrictions, Claimant is impermissibly asking the Court to reweigh the evidence. (*Id.* at PageID # 1559). And the evidence Claimant relies on, according to the Commissioner, fails to demonstrate that greater mental restrictions were warranted than those ALJ Brock propounded. (*Id.*).

In reply, Claimant takes issue with ALJ Brock's analysis of the consistency of the consultants' opinions. (DN 16, at PageID # 1563). Because ALJ Brock only considered the consistency of the consultants' limitations on "simple instructions" and "occasional contact," but failed to address the consistency of "clear, concise, and can be demonstrated" instructions and "no

requirement for independent judgment or decision-making," Claimant maintains the analysis falls short of what is required under the regulations. (*Id.*). Claimant concludes that ALJ Brock's decision lacks sufficient clarity and amounts to reversible error. (*Id.* at PageID # 1564).

It is well established that an ALJ is not required to adopt a physician's opinion verbatim or to adopt opined limitations wholesale, even when the ALJ finds an opinion persuasive. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009); *Chermagne W. v. Comm'r of Soc. Sec.*, No. 3:24-cv-112, 2025 WL 1993507, at *5 (S.D. Ohio July 17, 2025) (finding ALJ was not required to "discuss every turn of phrase when formulating the RFC" where substantial evidence existed to support the ALJ's analysis that physician's opinion was only somewhat persuasive.). However, many district courts have determined that when an ALJ finds an opinion to be "somewhat persuasive" and indicates they have adopted limitations from an opinion, the ALJ must incorporate the opined limitations or provide an explanation for declining to do so. *See Michelle B. v. Comm'r of Soc. Sec.*, No. 2:23-cv-4222, 2025 WL 296321, at *5 (S.D. Ohio Jan. 24, 2025) (collecting cases).

No error results from ALJ Brock failing to discuss the consultant's opined limitations that Claimant can follow "clear, concise, and can be demonstrated" instructions and have "no requirement for independent judgment or decision-making." ALJ Brock's silence on these limitations does not equate to a finding that such limitations were persuasive. Reading ALJ Brock's full evaluation of the consultants' opinions allows the Court to trace her path of reasoning.

The consultants opined that Claimant is able understand and remember simple instructions that are clear, concise, and can be demonstrated. ALJ Brock found this was partially consistent with treatment records showing Claimant had consistent complaints of anxiety symptoms and found a limitation to simple instructions was supported. (Tr. 915). By adopting only the limitation

9

to simple instructions, ALJ Brock implicitly rejected the consultants' qualifier that such instructions be clear, concise, and able to be demonstrated. The same is true for the consultants' determination that Claimant could carry out simple instructions "with no requirements for independent judgment or decision making." Again, ALJ Brock implicitly rejected such a qualifier by only finding the limitation to simple instructions persuasive.

Claimant insists that ALJ Brock should have explicitly rejected the additional restrictions to Claiamnt's ability to understand and remember simple instructions. But no additional explanation was necessary because ALJ Brock's evaluation of the consultants' opinions both complies with the regulations and provides a logical and accurate bridge between the evidence and her conclusions. Contrary to Claimant's allegations, no ambiguity exists as to whether ALJ Brock found the consultants' additional limitations on Claimant's ability to understand and remember simple instructions to be persuasive. She did not. She found the opinions to be partially persuasive and then identified which restrictions from the opinion were persuasive based on consistency with the record.[1]

Moreover, ALJ Brock's implicit rejection of the additional limitations on Claimant's ability to understand and remember simple instructions is supported by substantial evidence in the record. As ALJ Brock discussed earlier in the RFC when recounting the objective medical evidence of record, notes from providers at Associates in Behavioral Health show her symptoms improving with consistent visits and medication management before 2021. Though at times she

---

[1] Analysis of the "supportability" factor from the regulations differs for opinions of State agency consultants' opinions because they do not examine claimants, meaning there is no independent, diagnostic testing or observation from the reviewers on which an ALJ could assess supportability. *See Mary E. O. v. O'Malley*, No. 3:23-CV_00344-CRS, 2024 WL 3876477, at *7 (W.D. Ky. July 24, 2024) (citing *Kenneth B. v. Comm'r of Soc. Sec.*, No. 3:22-CV-00672-CHL, 2024 WL 1199025, at *6-7 (W.D. Ky. Mar. 20, 2024) (noting the opinions of state agency medical and psychological consultants are "uniquely situated" in terms of an ALJ's ability to conduct both a supportability and consistency analysis) (quoting *Tyrone H. v. Comm'r of Soc. Sec.*, No. 2:22cv-3652, 2023 WL 2623571, at *6-7 (S.D. Ohio Mar. 24, 2023))).

complained of increased anxiety and panic attacks, her mental status examinations remained largely intact. (Tr. 912 (citing Ex. 17F, p. 18)). Claimant experienced some memory deficits when her medication was increased following her husband's death, but after her medication was adjusted, her mental status examinations repeatedly revealed no memory deficits. (Tr. 913 (citing Ex. 7F, p. 10; Ex. 11F, pp. 7, 9)). Claimant's mental status examinations during the relevant period continued to show largely normal findings outside of occasional racing thoughts and some situational stressors. (*Id.* (citing Ex. 11F, pp. 13, 16). In summary, while Claimant consistently reported anxiety and panic attacks, her mental status examinations generally revealed no abnormalities that would support the State agency consultants' limitations that Claimant could only follow simple instructions that are clear, concise, and can be demonstrated and that she could not use independent judgment or make decisions.

The evidence Claimant identifies as consistent with the consultants' restrictions omitted by ALJ Brock does not change the outcome. As the Commissioner points out, the Court is not permitted on judicial review to reweigh the evidence of record. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). And a claimant's citation to some evidence that would support a decision the other way does not warrant a reversal. Regardless, ALJ Brock's RFC analysis considered much of the evidence Claimant now identifies.

For these reasons, the Court finds ALJ Brock's evaluation of the State agency consultants' opinions is supported by substantial evidence in the record and complies with the applicable regulations. No error results.

IV. <u>Order</u>

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

This is a final and appealable Order and there is no just cause for delay.

Copies:    Counsel of Record